UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TED A. MC CRACKEN,

                      Plaintiff,

                                            DECISION AND ORDER

                                            08-CV-6217L

                      v.

R.E. GINNA NUCLEAR POWER PLANT, LLC,
et al.,

                      Defendants.
_____

## Introduction

Plaintiff Ted A. McCracken ("McCracken"), proceeding *pro se*, brings this action against R.E. Ginna Nuclear Power Plant, LLC ("Ginna"), Constellation Energy Group, Inc. ("Constellation"), Constellation's President, Mayo A. Shattack, Constellation Energy Nuclear Group, LLC, Rochester Gas & Electric Corp., Energy East Corp., Michael J. Wallace, as the President of Constellation Generation Group and Constellation Commodities Corporation, and a number of John and Jane Doe defendants (collectively, "defendants"). McCracken alleges that the defendants, as owners, operators and/or employees of Ginna at various times, subjected him to personal injuries by exposing him to unlawful levels of ionized gamma radiation in excess of levels permitted by the Atomic Energy Act (42 U.S.C. §2011 et seq.), in violation of the Price-Anderson Act (42 U.S.C. §2210), and other, unidentified federal and state laws.

McCracken alleges that on January 25, 1982, when a "nuclear disaster" occurred at Ginna, the defendants caused unlawful amounts of toxic gamma radiation to contaminate the ambient air and water. McCracken claims that as a New York resident, he was exposed to the resulting "toxic cloud" and "nuclear fall-out," and that these exposures ultimately caused thyroid cancer, with which McCracken was diagnosed on June 21, 2005. (Dkt. #1 at ¶¶1, 17). McCracken asserts several causes of action, generally sounding in negligence.

The defendants now move for dismissal of the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), on the grounds that McCracken has failed to properly effect service of the complaint in accordance with Fed. R. Civ. Proc. 4(m) and the orders of this Court, that the action is frivolous and McCracken's claims demonstrably false, and that the matter is time-barred in any event. Defendants further request that in light of McCracken's extraordinary history of filing frivolous actions, many similar to this one, that McCracken be enjoined from the filing of further *in forma pauperis* lawsuits alleging radiation exposure without prior leave of Court. For the reasons set forth below, that motion (Dkt. #6) is granted, the complaint is dismissed, and McCracken is ordered to discontinue the pursuit of *in forma pauperis* actions alleging unlawful toxic exposures in federal district court without obtaining prior leave of court, at the risk of incurring summary dismissal and/or monetary sanctions.

## Discussion

### I. Standard for Dismissal Pursuant to Fed. R. Civ. Proc. 12(b)(6)

In deciding whether a complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), a court must accept the allegations contained in the complaint as

true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**II.        Defendants' Motion to Dismiss**

Initially, this action must be dismissed for failure to timely effect service of process. Rule 4(m) of the Federal Rules of Civil Procedure authorizes the dismissal of an action where a plaintiff has failed to effectuate service of process within 120 days of filing the Complaint. Fed. R. Civ. Proc. 4(m). McCracken filed the complaint in this action on May 19, 2008. By Order dated June 17, 2008, Judge Richard J. Arcara approved McCracken's request for *in forma pauperis* status and ordered the complaint to be filed and the summons and complaint to be served on defendants by the U.S. Marshals Service. (Dkt. #3). On June 24, 2008, the Marshals Service mailed the requisite service forms and blank summonses to McCracken to be completed and returned. Several months later, McCracken returned the forms, without the summonses, and the Clerk sent new blank summonses to him for completion. *Id*.

On October 15, 2008, the Clerk issued summonses for the defendants and forwarded them to the U.S. Marshals service. On the same day, McCracken filed a motion for an extension of time to serve the complaint, acknowledging the 120 day time limitation that governed service. (Dkt. #4). By text order dated October 21, 2008, the Court extended McCracken's time to serve

the complaint until December 22, 2008. (Dkt. #5). Nine months have elapsed since that deadline, and to date, McCracken has failed to complete the necessary paperwork to permit the Marshals to serve the defendants, or to otherwise effect personal service upon any of them, nor has any defendant elected to waive personal service, despite an attempt to serve them alternatively by mail. *See generally Fairman v. Hurley*, 373 F. Supp. 2d 227, 232 (W.D.N.Y. 2005) (service by mail is improper where defendant does not return an acknowledgment of service waiving personal service); *White v. Murphy*, 2008 WL 4757357 at *3 (N.D.N.Y. 2008) (a *pro se* plaintiff cannot "stand idly by after being notified that efforts by the U.S. Marshals Service to serve a particular defendant have been unsuccessful").

The complaint must therefore be dismissed pursuant to Fed. R. Civ. Proc. 4(m) for failure to timely effect service of the complaint on the defendants, as well as pursuant to Fed. R. Civ. Proc. 41(b), for failure to comply with the Court's Order extending the time for service (Dkt. #5). *See generally McCracken v. Nine Mile Point Nuclear Station, LLC, et al.*, 2009 WL 1697174 (N.D.N.Y. 2009) (dismissing action filed by McCracken on the same day as the instant action, *sua sponte*, on the grounds of failure to effect timely service upon defendants despite an extension of time to do so).

Even if McCracken had effected timely service of the complaint, this action must also be dismissed because the action is frivolous.

*In forma pauperis* lawsuits, such as the instant one, are governed by 28 U.S.C. §1915 et seq. While providing indigent litigants with an opportunity to press their claims in federal court, the statute also grants the district court the power to dismiss an action, upon motion or *sua*

*sponte*, that: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B).

"The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when a *pro se* litigant's complaint should be dismissed. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). An action is frivolous when: (1) the factual contentions are clearly baseless, or (2) the claim is based on an indisputably meritless legal theory. *See Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir. 1998). A claim may be said to be based on a meritless legal theory where it lacks an arguable basis on law, or where a dispositive defense "clearly exists on the face of the complaint." *Id*.

In determining whether an action is frivolous or malicious, the Court may consider not only the pleading itself, but also the relevant history of the indigent plaintiff, including whether the plaintiff has a history of repetitious, frivolous prior lawsuits against the same defendants. *See e.g.*, *In re Powell*, 851 F.2d 427, 434 (D.C. Cir. 1988)*; Daye v. Bounds*, 509 F.2d 66 (4th Cir.), *cert. den.*, 421 U.S. 1002 (1975). Such increased scrutiny is necessary because "paupers filing *pro se* petitions are not subject to the financial considerations . . . that deter other litigants from filing frivolous petitions." *In re McDonald*, 489 U.S. 180, 184 (1989). Thus, "[a] part of the Court's responsibility is to see that [its] resources are allocated in a way that promotes the interests of justice. The continual processing of [a] petitioner's frivolous requests . . . does not promote that end." *Id*. Nonetheless, courts must be careful not to confuse inartfully-pled claims with frivolous ones. "[W]hen an *in forma pauperis* plaintiff raises a cognizable claim, his

complaint may not be dismissed . . . for frivolousness under §1915(e)(2)(B)(I) even if the complaint fails to 'flesh out all of the requisite details.'" *Livingston*, 141 F.3d 434 at 437, *quoting Nance v. Kelly*, 912 F.2d 605, 606-607 (2d Cir. 1990).

The complaint in this matter contains multiple factual allegations that are contradictory and/or demonstrably untrue. Initially, McCracken claims that, based upon major medical treatises, the only cause of thyroid cancer known to modern medicine is "radiation exposure of the type and quantity generated, propelled and released at the R.E. Ginna nuclear power plant." (Dkt. #1 at ¶18). He also purports to have observed with the naked eye a related "mass of ions, airborne particulates in the ambient air . . . during daylight." (Dkt. #1 at ¶16). Although McCracken attributes his injuries primarily to an incident which took place at Ginna on January 25, 1982, it is undisputed that at that time, McCracken was incarcerated at the Green Haven Correctional Facility in Dutchess County, New York, more than 200 miles away from Ginna., and did not return to Upstate New York until approximately *sixteen years later*, in 1998. (Dkt. #1 at ¶¶ 3-13; Dkt. #6-1 at ¶¶32-35). McCracken's claim to have inhaled or ingested significant amounts of radioactive iodine from this distance is grossly far-fetched and wholly inconsistent with the modern scientific understanding of the level and scope of contamination that results from nuclear power plant "incidents," facts of which the Court takes judicial notice.[1]

---

[1] The Court notes that in contrast to McCracken's allegations of unsafe exposure from a distance of over 200 miles, according to the Federal Emergency Management Agency, the "emergency planning zones" surrounding nuclear power plants in the event of a nuclear disaster consist of a ten-mile radius, wherein it is possible for persons to be directly harmed by radiation exposure, and a fifty-mile radius, wherein radioactive materials may contaminate water supplies, food crops, and livestock. *See* Federal Emergency Management Agency, *Nuclear Power Plant Emergency*, http://www.fema.gov/hazard/nuclear/index.shtm. *See also* United States Nuclear
(continued...)

McCracken's outlandish "and exorbitant damage claims are also hallmarks of frivolous litigation." *See McCracken v. Brookhaven Sciences Associates, LLC, et al.*, 08-CV-02642, slip. op. at *4 (W.D.N.Y. 2009), Dkt. #6-7 at Tab 41. McCracken claims damages ranging between 55 million dollars and 900 million dollars for his eighteen causes of action, for a grand total of approximately 7.6 billion dollars. Moreover, as the district court for the Eastern District of New York has previously observed, "McCracken's theory of injury cannot be squared with his numerous other lawsuits, uniformly dismissed as frivolous, which attribute his thyroid cancer and other injuries to a plethora of other nefarious sources." *McCracken v. Entergy Nuclear Indian Point Three, LLC, et al.*, 08-CV-2670, slip. Op. at 2 (W.D.N.Y. 2008), Dkt. #6-8 at Tab 45.

Indeed, more than a dozen of McCracken's forty-seven prior lawsuits have, since 1997, accused a plethora of persons and entities of exposing McCracken to hazardous radiation and causing his thyroid cancer. His targets have included Continental airlines (for allegedly flying deliberately through a beam of ionized radiation, so dense as to be visible to McCracken in the fuselage), particle accelerator operators and former United States Presidents Ronald Reagan, George Bush, and William Clinton (for allegedly releasing radiation by the use and promotion of particle accelerators), a number of automotive manufacturers (for manufacturing windshields that

---

[1](...continued)
Regulatory Commission, *Fact Sheet on Emergency Planning and Preparedness*, http://www.nrc.gov/reading-rm/doc-collections/fact-sheets/emer-plan-prep.html. The scientific community has long stated that persons beyond the ten-mile radius are not in danger of direct injury as a result of radiation exposure – and in particular, studies have concluded that persons outside of the ten-mile radius do not require the administration of substances to protect the thyroid from carcinogenic levels of radioactive iodine. *See* National Energy Institute, *National Science Proves Potassium Iodide Unnecessary Beyond 10 Miles of a Nuclear Power Plant* (February 2010), http://www.nei.org/keyissues/safetyandsecurity/policybriefs/potassiumiodide.

failed to protect McCracken from radiation at certain speeds), several oil companies (for having produced gasoline, which permitted McCracken to travel at high speed and be exposed to greater levels of radiation, and for producing uranium); and multiple nuclear power facilities (based upon particular radiation releases during "incidents" at the plants). McCracken's history of radiation suits even includes two lawsuits against identical defendants in different districts. *See McCracken v. Continental Airlines, et al.*, 97-CV-0057 (N.D.N.Y. 1997), Dkt. #6-4 at Tab 5; *McCracken v. Beryllium Int'l, et al.*, 97-CV-7484 (S.D.N.Y. 1997), Dkt. #6-4 at Tab 10; *McCracken v. General Motors Corp., et al.*, 07-CV-2019 (E.D. Pa. 2007), Dkt. #6-6 at Tab 32; *McCracken v. Ford, et al.*, 07-CV-2018 (E.D. Pa. 2007), Dkt. #6-6 at Tab 31; *McCracken v. Daimler Chrysler Motors Co., LLC, et al.*, 07-CV-2202 (E.D. Pa. 2007), Dkt. #6-6 at Tab 35; *McCracken v. Exxon Mobil, et al.*, 08-CV-2932 (E.D. Pa. 2008), Dkt. #6-8 at Tab 43; *McCracken v. ConocoPhillips Co., et al.*, 07-CV-2039 (E.D. Pa. 2007), Dkt. #6-6 at Tab 34; *McCracken v. General Electric et al.*, 08-CV-2159 (E.D.N.Y. 2008), Dkt. #6-8 at Tab 44; *McCracken v. Exelon Corp. et al.*, 07-CV-2038 (E.D. Pa. 2007), Dkt. #6-6 at Tab 33; *McCracken v. Exelon Corp.*, 07-CV-4880 (E.D. Pa. 2007), Dkt. #6-6 at Tab 37; *McCracken v. Entergy Nuclear Indian Point 3, LLC, et al.*, 08-CV-2670 (E.D.N.Y. 2008), Dkt. #6-6 at Tab 39; *McCracken v. Brookhaven Science Associates, LLC, et al.*, 08-CV-2642 (E.D.N.Y. 208), Dkt. #6-7 at Tab 41; *McCracken v. Brookhaven Science Associates, LLC, et al.*, 08-CV-2934 (E.D. Pa. 2008), Dkt. #6-7 at Tab 42).

While one of McCracken's cases was voluntarily discontinued, the remainder have all been dismissed for frivolity, lack of factual basis, maliciousness, and/or McCracken's failure to comply with court orders.

Furthermore, McCracken's claims are "based on an indisputably meritless legal theory," in that "a dispositive defense clearly exists on the face of the complaint": all of McCracken's claims are untimely. *Livingston*, 141 F.3d 434 at 437. McCracken alleges that his injuries were incurred during that January 1982 incident at Ginna, twenty-seven years before this action was filed, and that his thyroid injury was discovered in 2005, approximately three years before this action was filed. McCracken purports to assert his claims under the Price-Anderson Act, which requires as a prerequisite the declaration of an "extraordinary nuclear occurrence" ("ENO"), after which the statute of limitations for claims arising from the ENO is three years. *See Corcoran v. New York Power Auth.*, 202 F.3d 530, 542 (2d Cir. 1999), *citing* 42 U.S.C. §2210(n)(1)(F). No ENO was declared for the Ginna event of January 1982. To the extent that McCracken asserts his claims pursuant to state law, they would be calculated from the date of the discovery of his injury, and subject to the three-year statute of limitations under N.Y. C.P.L.R. §214-c for personal injuries, including radiation exposures arising from negligence. *See generally Corcoran v. New York Power Auth.*, 1997 WL 603739 at *4 (S.D.N.Y. 1997), *aff'd*, 202 F.3d 530 (2d Cir. 1999). In a transparent attempt to satisfy the three-year statute of limitations in this action, filed May 19, 2008, McCracken alleges that he discovered his thyroid injuries in June of 2005. This allegation is demonstrably false. It is a matter of public record that McCracken has been claiming the onset of the precise thyroid injury he describes here, and has been specifically

attributing it to radiation exposure, since at least 1997, and has made the determination of liability for that injury the subject of more than a dozen prior lawsuits since that time. *See e.g.*, *McCracken v. Continental Airlines, et al.*, 97-CV-0057 (N.D.N.Y. 1997), Dkt. #6-4 at Tab 5. Because McCracken's complaint fails to allege a cognizable or even timely claim against any of the defendants, this action is frivolous and must be dismissed.

### III. Defendants' Request for Sanctions

Pre-filing injunctions are a permissible exercise of the court's discretion to deter vexatious and abusive litigation. *See In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982). *See also MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994). Although such relief is generally rendered only in extraordinary circumstances, once a pattern of frivolous or harassing litigation has emerged, a district court "need not wait until a vexatious litigant inundates each federal district court with meritless actions to condition access to that court upon a demonstration of good faith." *In re Martin-Tragona*, 737 F.2d 1254, 1262 (2d Cir. 1984). Where a course of repeated, frivolous litigation is recognized, district courts are empowered to exercise "[t]he equity power to give injunctive relief against vexatious litigation" and "bring [a] litigious charade to a halt." *In re Hartford Textile Corp.*, 681 F.2d 895 at 897.

Based upon his record of initiating frivolous actions in several different federal judicial districts concerning purported toxic radiation exposures, McCracken's rank abuse of his *in forma pauperis* status, and the frivolity of the instant "copycat" case, are undeniable. Indeed, McCracken is no stranger to judicially-imposed sanctions for the repeated filing of frivolous

cases. In 2005, the Eastern District of North Carolina prohibited McCracken from filing further actions against his ex-wife and daughter after he initiated several "delusional" and "bizarre" lawsuits against them, *McCracken v. Fass*, 05-298-5-BO (E.D.N.Y. 2005), Dkt. #6-5 at Tab 28, for the apparent purpose of "frivolous and vindictive harassment." *McCracken v. Natale*, 04-CV-50-BO, slip. op. at 13 (E.D.N.C. 2004), Dkt. #6-5 at Tab 26. In flagrant disregard for the orders of Eastern District of North Carolina, McCracken thereafter filed similar suits against his ex-wife and daughter in the Eastern District of New York, which were also dismissed as meritless. *See McCracken v. Natale*, 04-CV-5456 (E.D.N.Y. 2004), Dkt. #6-5 at Tab 27; *McCracken v. Fass*, 06-CV-3892 (E.D.N.Y. 2006), Dkt. #6-5 at Tab 29.

McCracken has already been placed on notice that his frivolous radiation exposure filings, such as the complaint in this case, may subject him to sanctions. Judge Mauskopf of the federal district court for the Eastern District of New York recently warned McCracken:

> The Court must conserve its time and resources, which are more properly devoted to more legitimate litigants and claims. Given plaintiff's litigation history, the Court warns plaintiff that it will not tolerate frivolous litigation and may enter an order barring the acceptance of any future *in forma pauperis* complaints from plaintiff if he does not first obtain leave of the court to file such complaints.

*McCracken v. General Electric et al.*, 08-CV-2159, slip op. at 6 (E.D.N.Y. 2008), Dkt. #6-8 at Tab 44.

As the Court noted above, with the exception of one action which McCracken voluntarily discontinued, every one of McCracken's actions alleging negligent and/or unlawful radioactive exposure has been dismissed on the grounds of frivolity, maliciousness, and/or failure to obey court orders. It appears that here, McCracken "is merely seeking a new forum where he has not

been restricted from filing to bring his latest action." *Id*. Faced with the unusual and disappointing history of frivolous litigation in this vein by McCracken, the Court has little choice but to limit further squandering of the resources of the federal judiciary.

To that end, McCracken is permanently enjoined from commencing any further *in forma pauperis* actions in federal court alleging the negligent and/or unlawful release of radiation, or exposure to radiation, from any source, without prior leave of court. Leave of court shall be obtained by filing with the complaint a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File." McCracken must attach to that motion, as Exhibit 1, a true and correct copy of this Decision and Order. As Exhibit 2 to that motion, McCracken must attach either a declaration prepared pursuant to 28 U.S.C. §1746 or a sworn affidavit certifying that the claims he wishes to present are meritorious and made in good faith. As Exhibit 3 to that motion, McCracken must include a list of every suit previously filed by him or on his behalf in any federal court against each and every defendant to the suit he wishes to file, including the title and index number of each such case. As Exhibit 4 et seq. to that motion, McCracken must provide a copy of each such complaint and a certified record of the matter's disposition. Finally, McCracken must serve a copy of this Decision and Order upon each defendant if and when leave to serve the complaint in the new case is granted. Failure to comply with the terms of this order may be sufficient grounds for a court to deny any motion for leave to file made by McCracken. Further, McCracken's failure to advise a federal court in which he has filed a complaint of this Decision and Order and/or his failure to otherwise comply with this Decision and Order may be considered by such court as good and sufficient cause to dismiss such a lawsuit, and further may

be considered sufficient grounds upon which to levy additional sanctions, including but not limited to fines, imprisonment, and/or an award to defendants in the amount of their reasonable costs and attorneys fees in defending the action.

However, nothing in this order shall be construed as having any effect on McCracken's ability to initiate or continue actions in state court and/or appeals before the United States Courts of Appeals, or his power to prosecute or defend any other action that is presently pending, brought by him in any federal court prior to the date of entry of this Decision and Order.

## Conclusion

For the foregoing reasons, I find that plaintiff has failed to timely serve the defendants with the complaint, and in any event alleges patently frivolous claims, and therefore defendants' motion to dismiss (Dkt. #6) is granted, and the complaint is dismissed, with prejudice. I further find that plaintiff, Ted A McCracken, has engaged in serial abuse of *in forma pauperis* status by filing a series of frivolous and vexatious lawsuits relating to alleged radiation exposure. As such, McCracken is hereby permanently enjoined from filing in federal court any further actions for which *in forma pauperis* status is sought, and which contain allegations of negligent or unlawful radiation exposures, in the manner detailed and described above.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      March 31, 2010.